**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC.; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT AZIZI,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/13/2024 1:23 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villchis-David, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Stanley Mosk Courthouse
*(El nombre y dirección de la corte es):*
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
**24STCV29761**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander Khoubian, Esq. (SBN: 330918), Alpha Law Firm, P.C
9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212; (310)400-5652

DATE: 11/13/2024    David W. Slayton, Executive Officer/Clerk of Court    A. Villchis-David , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: TESLA, INC.
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1 | **Alpha Law Firm, P.C**
Alexander Khoubian (SBN: 330918)
2 | ak@alphalawpc.com
eservice@alphalawpc.com
3 | 9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
4 | Telephone: (310)400-5652
Facsimile: (310)321-1304

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/13/2024 1:23 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villchis-David, Deputy Clerk

Attorneys for Plaintiff,
ROBERT AZIZI

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| ROBERT AZIZI, | |
|---|---|
| Plaintiff, | CASE NO.: 24STCV29761 |
| v. | Complaint |
| TESLA, INC.; and DOES 1-100, inclusive, | 1. **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2** |
| Defendants. | 2. **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2** |
| | 3. **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2** |
| | 4. **BREACH OF EXPRESS WRITTEN WARRANTY (CIV. CODE, § 1791.2, SUBD. (a); § 1794)** |
| | 5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (CIV. CODE, § 1791.1; § 1794)** |

Plaintiff alleges as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff ROBERT AZIZI.

2. Plaintiff is now, and at all times mentioned in this Complaint was, an individual adult resident of, California.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4. Defendant TESLA, INC., is a corporation organized and in existence under the laws of the State of Texas and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County.

5. The true names and capacities of defendants sued as DOES 1-100, inclusive, are presently unknown to Plaintiff. Plaintiff is informed and believes and based upon such information and belief thereon alleges that each such defendant is in some way responsible and liable for the events or happenings alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based upon such information and belief thereon alleges that at all times material herein each fictitiously named defendant, was either the true defendant or the agent and employee of each other defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other defendants.

6. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

7. Venue is proper in the current court given that the alleged breach occurred in Los Angeles County and the damages sustained by Plaintiff are within the jurisdiction of the Superior Court of the State of California.

# FIRST CAUSE OF ACTION

## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

### (By Plaintiff Against all Defendants)

8. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though fully set forth in this paragraph.

9. On or around July 05, 2020, Plaintiff purchased a 2020 TESLA MODEL X, bearing vehicle identification number 5YJXCAE27LF283010, (the "Vehicle") which was manufactured and or distributed by Defendant. The Vehicle was purchased or used primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

10. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

11. During the warranty period, the Vehicle contained or developed numerous defects including but not limited to: Engine; Electrical; and additional defects complained of by Plaintiff to Defendant and its agents. Said defects substantially impair the use, value, or safety of the Vehicle.

12. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

13. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1,

subdivision (a)(2), and therefore bring this cause of action pursuant to Civil Code section 1794.

14. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

15. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

16. Plaintiff is informed and believes and thereon alleges that Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

17. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION

## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

### (By Plaintiff Against all Defendants)

18. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though fully set forth in this paragraph.

19. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time, in violation of Civil Code section 1793.2, subdivision (b).

20. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore bring this Cause of Action pursuant to Civil Code section 1794.

21. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and

has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

### THIRD CAUSE OF ACTION

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

### (By Plaintiff Against all Defendants)

22. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though fully set forth in this paragraph.

23. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore bring this Cause of Action pursuant to Civil Code section 1794.

24. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was willful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BREACH OF EXPRESS WRITTEN WARRANTY

### (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

### (By Plaintiff Against all Defendants)

25. Plaintiff re-alleges and incorporates by reference every allegation contained in this

Complaint as though fully set forth in this paragraph.

26. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to properly and completely repair the Vehicle, breaching the terms of the written warranty on each occasion.

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore bring this Cause of Action pursuant to Civil Code section 1794.

28. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

## (CIV. CODE, § 1791.1; § 1794)

### (By Plaintiff Against all Defendants)

29. Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though fully set forth in this paragraph.

30. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

31. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is

adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

32. At the time of purchase, or soon thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

33. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore bring this Cause of Action pursuant to Civil Code section 1794.

## PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   A.   For Plaintiff's actual damages in an amount according to proof;

   B.   For restitution;

   C.   For a civil penalty, pursuant to the provisions of Civil Code § 1794 (c) or (e), in a sum twice the amount of actual damages;

   D.   For any consequential and incidental damages;

   E.   For general damages in a sum according to proof;

   F.   For interest on all damages;

   G.   For reasonable attorneys' fees and costs that Plaintiff has been forced to incur in filing and prosecuting this suit;

   H.   For prejudgment interest at the legal rate; and

   I.   For such other and further relief as the court may deem proper.

///

## DEMAND FOR JURY TRIAL

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: November 13, 2024　　　　　　　　　　ALPHA LAW FIRM, P.C

By: *Alexander Khoubian*
Alexander Khoubian
Attorneys for Plaintiff
ROBERT AZIZI